_____FILED _____ENTERED
_____LODGED _____RECEIVED

SEP 2 2 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By                                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

MARK MILLER, #223-952                    *

Petitioner                               *

v                                        *        Civil Action No. GJH-14-2184

WARDEN HEJIRIKA, et al.                  *

Respondents                              *
                                        ***

### MEMORANDUM

Pending are Mark Miller's Petition for Writ of Habeas Corpus, supplement, and exhibits filed pursuant to 28 U.S.C. § 2254 and Respondents' Motion to Dismiss and exhibits.[1] The matter is ready for disposition.[2] After review of the pleadings, the court finds a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the court will treat the Petition as filed pursuant to 28 U.S.C. § 2241, and dismiss the petition without prejudice for lack of exhaustion of available state remedies.

### BACKGROUND

The court recognizes that Miller is a self-represented litigant, and has accorded the Petition liberal construction. *See e.g. Hughes v. Rowe*, 449 U.S. 5, 9 (1986). Although Miller's

---

[1] The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings. *See* Rule 12, "Rules Governing Section 2254 Cases, in the United States District Courts" and 28 U.S.C. § 2254. Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007) *see Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). The court takes judicial notice that the parties' exhibits here, copies of Miller's sentencing and parole records, are public records of which a federal court may take judicial notice. *See Witthohn v. Fed. Ins.* Co., 164 F. App'x 395, 397 (4th Cir. 2006); *see also, e.g, Haley v. Corcoran*, 659 F.Supp.2d 714, 721 n. 4 (D.Md. 2009).

[2] A notice was sent to Miller pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) advising him of his right to respond to dispositive motions filed by Respondents. (ECF 7). On September 8, 2014, he replied to the Motion to Dismiss in the form of a letter to the court. (ECF 8).

claims are not a model of clarity, it appears that he is alleging that he was denied due process of law when, after a parole commissioner found him in violation of the conditions of his parole and revoked his mandatory release, the commissioner also rescinded 1500 days of diminution credits, thereby changing the expiration date of Miller's term of confinement. Miller claims he is receiving "double-timing" because "[i]t's against the law to make a [sic] inmate do his time beyond his expiration date, which was originally 2-15-17, now its 2-15-20." (ECF 1, p. 8).[3]

### FACTS

Respondents state that Miller is serving a total 40-year term of confinement for six separate distribution of controlled dangerous substance convictions in the Circuit Court for Talbot County, Maryland, the first of which was on May 8, 1992. ECF 6, Ex. A; *see also* Md. Code Ann. Corr. Servs. ("CS") §3-701 (2) (iii) (2008 Repl. Volume) ("Term of confinement" means the period from the first day of the sentence that begins first, through the last day of the sentence that ends last, for consecutive sentences.). [4] On February 24, 2012, Miller was released on mandatory supervision. (ECF 6, Ex. B; *see also* CS §7-501 (3) (stating the Division of Correction ("DOC") shall grant a conditional release from confinement to an inmate who has served the term or terms, less accrued diminution of confinement credits.)); *see also* CS §7-502 (a) – (b) (An individual on mandatory supervision remains in legal custody until the expiration of the individual's full term, and during the period of mandatory release is subject to all laws, rules, regulations and conditions that apply to parolees, and any special conditions established by a parole commissioner.).

On May 31, 2013, Parole Commissioner Jasper R. Clay determined Miller had violated

---

[3] Miller argues that his sentence imposed on December 21, 1994 was "closed out or inactive." (ECF No. 6, Ex. 4, ECF 8).

[4] All exhibits referenced were filed by Respondents and are docketed at ECF 6. References to page numbers in record citations are to those generated by the court's electronic case filing system.

the terms of his mandatory release by failing to report to his supervising agent on November 13, 2012, or any time thereafter. (Ex. B; *see also* CS §7-502 (b)). The Parole Commissioner revoked Miller's mandatory supervision and rescinded 1,500 diminution of confinement credits. (Ex. B; *see also* CS §7-504 (b) (A parole commissioner presiding at an individual's mandatory supervision revocation hearing "may revoke any or all of the diminution credits previously earned by the individual on the individual's term of confinement."); *see also* CS §§3-702, 3-704-707 (stating an inmate is entitled to reduce his term of confinement by earning diminution of confinement credits for good conduct, work tasks, education, and special projects.) Miller was returned to the DOC to serve the remainder of his sentence, and his new maximum expiration date for his term of confinement is in 2020. (ECF 1, p. 10; ECF 6, p. 2).

## DISCUSSION

In their answer, respondents contend that the petition should be dismissed because Miller's claims are not cognizable under 28 U.S.C. § 2254, are unexhausted, and lack merit.

### I.    The Claims as Presented are not Cognizable under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254 provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Preiser v. Rodriguez*, 411 U.S. 475, 486, 500 (1973) (stating the essence of habeas corpus is an attack by person in custody upon legality of that custody). Miller's Petition does not challenge his custody by attacking his underlying convictions, sentences, or the revocation of his mandatory release; rather, it challenges the rescission of his diminution credits and the calculation of his term of confinement. As such, the Petition does not state a cognizable claim for relief under 28 U.S.C. § 2254, but rather is more appropriately considered pursuant to 28 U.S.C. § 2241(c) (3) (providing for federal habeas relief

3

where a prisoner is in custody in violation of the Constitution or laws of the United States).

## II. Due Process

The Constitution does not create a protected liberty interest in the expectation of early release on parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Absent a protected liberty interest in parole, a prisoner typically cannot mount a challenge against a state parole review procedure on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Generally speaking, sentence and diminution credit calculation disputes involving parole review procedures in a state penal system pertain to issues of state law and do not implicate a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Where a "claim ... rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone,* 151 F.3d 151, 157 (4th Cir. 1998); *see Williams v. Warden of Maryland Penitentiary*, 209 Md. 627, 628 (1956) (failure to exercise discretion to grant credit for time spent on parole did not deprive prisoner of constitutional right).

Although sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question, the Supreme Court has held that when a State creates a right to good time credits, due process requires that a prisoner's right should not be

4

"arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Under *Wolff*, once a prisoner has earned good time credits under a state statute that awards mandatory sentence reductions for good behavior, he possesses a liberty interest in a reduced sentence, which cannot be revoked in the absence of minimum procedural guarantees. *Id.* at 556–57.[5]

      In this case, Miller does not dispute that the rescission was made by a parole commissioner during a mandatory supervision revocation hearing pursuant to state law, and was statutorily authorized to rescind "any or all" diminution of confinement credits. *See* CS §7-504 (b); *see supra* p. 3. Once rescinded, Miller's credits were no longer available to determine his new mandatory release date or the maximum expiration date of his sentence and extended the term of his confinement. *See* CS §7-501 (3). Minimal due process was afforded to Miller under Maryland law; nothing more is constitutionally required.

### III.    Exhaustion

      Even if filed pursuant to 28 U.S.C. § 2241, Miller's claims are subject to dismissal for failure to exhaust available state remedies. Questions of state law regarding diminution of confinement credits are subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir.2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

      Before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The

---

[5] Apart from including the term due process in his petition, it is not clear why he believes his right to due process was violated.

5

claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Miller's reply does not refute Respondents' argument that his claims are unexhausted.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Reasonable jurists would not find Petitioner's claims debatable; consequently, the court declines to issue a certificate of appealability. Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.

## CONCLUSION

For these reasons, the court will dismiss the petition without prejudice for lack of exhaustion and finds no grounds to issue a certificate of appealability. A separate order follows.

9/22/2014
_____
Date

_____
George Jarrod Hazel
United States District Judge